**FILED**
**Mar 03, 2020**
**02:32 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Kimberly Parrott, | ) | Docket No. 2019-01-0603 |
| Employee, | ) | |
| v. | ) | |
| Grace Healthcare, LLC, | ) | State File No. 75425-2018 |
| Employer, | ) | |
| And | ) | |
| United Wisconsin Ins. Co., | ) | Judge Audrey Headrick |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

---

This case came before the Court on Ms. Parrott's Request for an Expedited Hearing on the record. Ms. Parrott asked the Court to order Grace Healthcare to authorize the back surgery recommended by Dr. Jay Jolley. For the reasons below, the Court orders Grace Healthcare to provide the surgery.

### History of Claim

The essential facts of this case are undisputed. Ms. Parrott injured her low back at work on November 9, 2018, when she slipped on butter and fell. Her initial panel-selected physician, Dr. Barry Vaughn, determined that Ms. Parrott was not a surgical candidate. He concluded that her significant degenerative changes predated the injury. Dr. Vaughn diagnosed Ms. Parrott with a work-related back sprain, recommended physical therapy, and offered no other treatment options. Ms. Parrott's unrebutted testimony by affidavit confirmed that Grace Healthcare then provided another panel to take over her care, and she selected Dr. Jay Jolley. He recommended back surgery after conservative treatment failed.

1

Grace Healthcare submitted the surgical recommendation for utilization review (UR), and the reviewing physician found the procedure not medically necessary.[1] Initially, the reviewing physician based his determination on the fact that the medical records submitted did not contain Ms. Parrott's lumbar MRI scan. After receiving the MRI scan, the reviewing physician used the Official Disability Guidelines (ODG) and found the surgery not medically necessary. The Bureau's assistant medical director upheld the UR denial because the request did not satisfy the ODG.

Dr. Jolley testified by affidavit regarding the recommended surgery. He stated that his "request for surgery falls within the treatment guidelines and is absolutely medically necessary." Dr. Jolley also gave his opinion that Ms. Parrott's fall "contributed to more than fifty percent (50%) in causing [her] disablement and the need for [back surgery]." Dr. Jolley additionally said that Ms. Parrott will need pain management in the future and will be unable to return to work at full capacity without the surgery.

### Findings of Fact and Conclusions of Law

Ms. Parrott must present sufficient evidence demonstrating she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019). The Court holds she did.

The sole issue is whether Ms. Parrott is entitled to the recommended surgery. The Workers' Compensation Law provides that Grace Healthcare must provide Ms. Parrott with medical and surgical treatment ordered by Dr. Jolley, the authorized treating physician, if it is reasonably necessary for the work-injury. Tenn. Code Ann. § 50-6-204(a)(1)(A). Likewise, any treatment recommended by Dr. Jolley "shall be presumed to be necessary for treatment of the injured employee."[2] *Id.* at § 50-6-204(a)(3)(H).

To resolve this issue, the Court must determine if Grace Healthcare rebutted the presumption of medical necessity attached to Dr. Jolley's recommendation. Because Dr. Jolley recommended surgery for Ms. Parrott's back, the law presumes that the surgical treatment is medically necessary. This presumption is rebuttable by a preponderance of the evidence.[3] *Morgan v. Macy's*, 2016 TN Wrk. Comp. App. Bd. LEXIS 5, at *14 (Mar. 12, 2015). After reviewing the evidence, the Court holds it did not.

---

[1] The reviewing physician is board-certified in orthopedic surgery.

[2] Tennessee Code Annotated 50-6-204(a)(3)(H) provides a presumption of medical necessity for "any treatment recommended by a physician or chiropractor selected [from a panel] or by referral, if applicable."

[3] Dr. Jolley stated his "request for surgery falls within the treatment guidelines[.]" Aside from this general statement, nothing indicated that Dr. Jolley's surgical recommendation explicitly follows or is

Despite the presumption of medical necessity, the Workers' Compensation Law provides a UR system to consider any treatment recommended for the injured worker. Tenn. Code Ann. § 50-6-124. UR provides an "evaluation of the necessity, appropriateness, efficiency and quality of medical services . . . provided to an injured or disabled employee based upon medically accepted standards and an objective evaluation of the medical services provided[.]" Tenn. Comp. R. & Regs. 0800-02-06-.01(20) (June 2017). This is done with a record review by an "advisory medical practitioner" to determine whether the proposed procedure is medically necessary. *Id.* at 0800-02-06-.03.

Grace Healthcare submitted Dr. Jolley's surgical recommendation to UR. The reviewing physician applied the guidelines and determined that the surgery was not medically necessary, and the assistant medical director upheld the denial.

These three physician decisions present the Court with conflicting medical opinions about the reasonableness and necessity of the proposed surgery. A trial court has the discretion to choose which expert to accredit when there is a conflict of expert opinions. *Brees v. Escape Day Spa & Salon*, 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at *14 (Mar. 12, 2015). In evaluating conflicting expert testimony, a trial court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information through other experts." *Id.* Further, it is reasonable to conclude that the physician "having the greater contact with [the injured worker] would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 677 (Tenn. 1991).

Considering the various opinions, Dr. Jolley treated Ms. Parrott conservatively for her back injury and relied upon his observations and findings to conclude that she needed surgery. The reviewing physician, on the other hand, performed a one-time record review and relied upon the treatment guidelines in denying the recommendation. After learning of the UR denial, Dr. Jolley stood by his recommendation and explained that the surgery is medically necessary to return Ms. Parrott to work.

The Court has "authority to assess the validity of the utilization review reports and determine the relative weight to be given those physicians' opinions as well as other expert medical opinions." *Venable v. Superior Essex, Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 56, at *9 (Nov. 2, 2016). After considering the conflicting medical opinions, the Court finds that the reviewing physician's opinion is insufficient to overcome the presumption of correctness afforded Dr. Jolley's opinion. Therefore, the Court holds Ms.

---

reasonably derived from the ODG. Therefore, the presumption of medical necessity rebuttable by clear and convincing evidence is inapplicable. *See* Tenn. Code Ann. § 50-6-124(h).

Parrott is likely to prevail at a hearing on the merits in proving that she is entitled to the surgery.

**IT IS, THEREFORE, ORDERED** as follows:

1. Grace Healthcare shall provide Ms. Parrott additional medical treatment for her back injury with Dr. Jolley, including the recommended surgery, under Tennessee Code Annotated section 50-6-204.

2. This case is set for a Status Hearing on Tuesday, May 5, 2020, at 10:00 a.m. **Eastern Time**. The parties must call (423) 634-0164 or toll-free at (855) 383-0001 to participate. Failure to call might result in a determination of the issues without the party's participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer or Carrier must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for noncompliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED March 3, 2020.**

_____
**JUDGE AUDREY A. HEADRICK**
**Court of Workers' Compensation Claims**

4

# APPENDIX

<u>Exhibits:</u>
1. Ms. Parrott's Records Index:
    a. Affidavit of Kimberly Parrott
    b. Affidavit of Jay Jolley, M.D.
    c. Letter to Dr. Jolley from Adjuster
    d. Medical records of Dr. Jolley
2. Index of Exhibits
    a. CHI Memorial medical records
    b. Dr. Vaughn's medical records
    c. Dr. Vaughn's medical questionnaire
    d. Dr. Jolley's medical records
    e. First UR
    f. Second UR
    g. UR Appeal
    h. Imaging records
    i. Dr. Jolley's invoice and notes
3. Affidavit of Ms. Parrott, February 26, 2020


<u>Technical record:</u>
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Brief Supporting Petition for Benefit Determination
5. Docketing Notice
6. Employer's Brief in Response to Employee's Brief
7. Employee's Rebuttal Position Statement

5

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 3, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Tim Henshaw, Employee Attorney | | X | tim@mcmahanlawfirm.com |
| Garret Franklyn, Employer Attorney | | X | gpfranklyn@mijs.com |

*Penny Shrum* w/permission

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

6



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on _____    ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

**Parties**

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $_____ per month | beginning | _____ |
| SSI | $_____ per month | beginning | _____ |
| Retirement | $_____ per month | beginning | _____ |
| Disability | $_____ per month | beginning | _____ |
| Unemployment | $_____ per month | beginning | _____ |
| Worker's Comp. | $_____ per month | beginning | _____ |
| Other | $_____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone       $ _____ per month
Electricity      $ _____ per month    School Supplies $ _____ per month
Water            $ _____ per month    Clothing        $ _____ per month
Gas              $ _____ per month    Child Care      $ _____ per month
Transportation   $ _____ per month    Child Support   $ _____ per month
Car              $ _____ per month
Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____
Checking/Savings Acct.  $ _____
House                   $ _____    (FMV) _____
Other                   $ _____    Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____        _____
_____        _____
_____        _____
_____        _____

I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.


APPELLANT _____


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


NOTARY PUBLIC _____

My Commission Expires: _____

LB-1108 (REV 11/15)                                    RDA 11082